# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF STRUCTURED ASSET
MORTGAGE INVESTMENTS INC.
BEAR STEARNS ALT-A TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-3; AND
NATIONAL DEFAULT SERVICING
CORPORATION,
Appellants,
vs.
BOURNE VALLEY COURT TRUST,
Respondent.

No. 74297



FILED

JAN 17 2020

ELIZ... A. ...N
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Carolyn Ellsworth and Tierra Danielle Jones, Judges. Reviewing the challenged summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

We conclude that appellants introduced prima facie evidence that the HOA and its agent (A&T) foreclosed on only the subpriority portion of the HOA's lien. In particular, it is reasonable to infer from (1) A&T's April 27, 2012, letter instructing Priority Posting & Publishing to announce that the sale would be a subpriority-only sale, and (2) the statement in the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-02809

April 30, 2012, trustee's deed that Priority actually made the instructed announcement and that only the subpriority portion of the lien had been foreclosed.[2] *Id.* (recognizing that at the summary judgment stage, "any reasonable inferences drawn from [the evidence] must be viewed in a light most favorable to the nonmoving party"). Accordingly, the district court erred in determining as a matter of law that the foreclosure sale extinguished appellant U.S. Bank's first deed of trust.

To the extent that respondent suggest an HOA cannot choose to foreclose on only the subpriority portion of its lien when the superpriority portion has not been satisfied, we decline to consider that argument, as respondent has not meaningfully addressed appellants' reliance on *Bank of America, N.A. v. Esplanade at Damonte Ranch Homeowners' Ass'n*, No. 3:16-cv-00116-RCJ-VPC, 2017 WL 2259978 (D. Nev. May 23, 2017), or *Laurent v. JP Morgan Chase, N.A.*, no. 2:14-cv-00080-APG-VCF, 2016 WL 1270992 (D. Nev. March 31, 2016), nor has respondent provided authority to support such a conclusion.[3] Because questions of material fact remain as

---

[2]Although respondent generally observes that some of appellants' evidence was not admissible, respondent does not appear to take issue with either the April 27, 2012, letter or the April 30, 2012, deed, and there is no self-evident reason why these documents would be inadmissible. Additionally, we note that Iyad Haddad's affidavit, which attests that he personally attended the foreclosure sale, does not deny that such an announcement was made.

[3]In this respect, and similar to *River Glider Avenue Trust v. Wells Fargo Bank, N.A.*, Docket No. 69229 (Feb. 28, 2017, Order Denying En Banc Reconsideration), we note that it would be improper for respondent to attempt to do so in a petition for rehearing.

Supreme Court
OF
Nevada

(O) 1947A

to whether the HOA foreclosed on the superpriority portion of its lien, summary judgment was improper, and we therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.   _____, J.
Stiglich            Silver

cc: Hon. Tierra Danielle Jones, District Judge
  Hon. Carolyn Ellsworth, District Judge
  John Walter Boyer, Settlement Judge
  Ballard Spahr LLP/Las Vegas
  Law Offices of Michael F. Bohn, Ltd.
  Eighth District Court Clerk